*In re* RICHARD LOITRA, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* IRENE LOITRA LaSHAY, Respondent-Appellant.)

First District (3rd Division)   No. 79-633

Opinion filed December 31, 1979.—Rehearing denied March 24, 1980.

James J. Doherty, Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Linda Dale Woloshin, and Dale F. Weigand, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Respondent Irene Loitra LaShay appeals from a circuit court order terminating her parental rights to her minor son, Richard Loitra, and appointing a guardian with the right to consent to his adoption. We reverse and remand.

On February 13, 1976, a petition for adjudication of wardship was filed in juvenile court alleging that Richard Loitra was neglected as to the care necessary for his well-being and that his environment was injurious to his welfare (Ill. Rev. Stat. 1975, ch. 37, par. 702—4(1)(a), (b)). Richard was born on May 27, 1974. The petition listed Irene Loitra as the child's mother; no person was listed as the father.

Mrs. LaShay failed to appear at the adjudicatory hearing on May 10, 1976. At that hearing, a social worker for the Department of Children and Family Services (DCFS) testified that, according to respondent's sister, Mrs. LaShay had left Richard alone with her for two months and had not sought his return. The boy allegedly had bruises and marks on his back and chest when he was left with her. Respondent's sister further related to the social worker that the mother did not know the identity of the father. The sister then turned custody of Richard over to the DCFS.

After only one worker testified, the court entered a finding of "neglect" under section 702—4(1)(b), stating that "the record should indicate abuse." The court further made "a finding of best interest [and] adjudication of wardship, a finding of unfitness and best interest pursuant to Section 5—7." In the dispositional hearing, the court appointed Richard Layman of DCFS as guardian (Ill. Rev. Stat. 1975, ch. 37, pars. 702—4(1)(b), 705—7).

On December 22, 1978, a petition for appointment of a guardian for Richard with the right of adoption was filed. The petition alleged, *inter alia*, that Mrs. LaShay was an "unfit person" under section 1D(m) of the Adoption Act and section 5—9 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 40, par. 1501(D)(b) & (m) & ch. 37, par. 705—9). On March 21, 1979, a trial was held on the petition. Three caseworkers testified for the State. The first caseworker, Joan Phillips, related the allegations that Mrs. LaShay's sister made to DCFS, including: Richard was brought to her with bruises, the mother was usually drunk, the mother had been a dope addict and the mother had an arrest record.

A second caseworker, Betty Vinig, testified that Mrs. LaShay visited Richard on several occasions. She urged the mother to attend counseling sessions, which Mrs. LaShay did not do because of work commitments.

Ms. Vinig testified that Mrs. LaShay said she got married in order that Richard would have a father; however, the marriage did not last very long. According to Ms. Vinig, Mrs. LaShay did not keep several of her scheduled counseling appointments.

Julie Johnson, a third caseworker, testified as to six out of nine scheduled visits Mrs. LaShay had with Richard. On one occasion, Ms. Johnson said she smelled alcohol on the mother's breath.

At the close of the State's case, defense counsel's motion for a directed verdict was denied. However, the State dropped the ground of unfitness which was based on a failure to demonstrate a reasonable degree of interest, concern or responsibility to the child (Ill. Rev. Stat. 1977, ch. 40, par. 1501D(b)).

Mrs. LaShay testified that she got married in order to provide a father for Richard and to expedite obtaining the custody of her son. She testified that she worked two jobs, seven days a week, thereby making it difficult to attend counseling sessions. The court sustained the State's objection to defense counsel's questioning of Mrs. LaShay as to whether she drank to excess while Richard was in her custody. She did testify, however, that she no longer drank.

The court took judicial notice of the prior adjudicatory hearing and the finding of abuse. The court then found that Richard's parents were unfit because they failed to make reasonable efforts to correct the conditions which were the basis of removal and to make reasonable progress toward the return of the child within 12 months after adjudication of neglect (Ill. Rev. Stat. 1977, ch. 40, par. 1501D(m). Lastly, the court held that it was in Richard's best interests that parental rights be terminated. A guardian was then appointed with the right to consent to Richard's adoption.

Respondent first contends that the trial court erred in finding her unfit pursuant to section 1D(m) of the Adoption Act (Ill. Rev. Stat. 1977, ch. 40, par. 1501D(m)). That section provides:

> " 'Unfit person' means any person whom the court shall find to be unfit to have a child sought to be adopted, the ground of such unfitness being * * *:
> (m) Failure to make reasonable efforts to correct the conditions which were the basis for the removal of the child from his parents or to make reasonable progress toward the return of the child to his parents within 12 months after an adjudication of neglected minor * * *."

■■ Reviewing this statutory section and the record before us, we agree that she should not have been adjudged unfit. First, the record does not support the State's contention that Mrs. LaShay failed to make reasonable efforts to correct the conditions which were the basis for the removal of

Richard. Specifically, the "reasonable efforts" language of section 1D(m) does not even apply to the instant case. At the adjudicatory hearing, the court made a finding of neglect under section 2—4(1)(b) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—4(1)(b)) and stated that the record should indicate "abuse." However, this violates section 4—8(2) of that act, which requires that if neglect is involved, a finding of whether it is the result of physical abuse *by a parent* must appear in the order. (Ill. Rev. Stat. 1975, ch. 37, par. 704—8(2).) Here, there is no finding that the injuries were inflicted by respondent; these injuries could have been inflicted by someone else or incurred in a manner not involving the parents. Moreover, in light of the hearsay nature of the testimony regarding the injuries (the DCFS worker testified and not respondent's sister), such a finding against Mrs. LaShay would be difficult to make here. Even assuming that Mrs. LaShay was responsible for inflicting Richard's injuries, she could not make a "reasonable effort" to correct the condition of physically abusing the child since she did not have custody of Richard after the adjudicatory and dispositional hearings. Clearly, the "reasonable efforts" basis of unfitness does not apply here. *Cf. In re Massey* (1976), 35 Ill. App. 3d 518, 521, 522, 341 N.E.2d 405, 408 (unfitness provision regarding the failure of the parents to protect the child from injurious conditions within their environment held inapplicable since the child had been in the foster home for the prior six years).

■■ We next consider whether there was clear and convincing evidence that respondent did not make reasonable progress toward having Richard returned to her after the finding of neglect (Ill. Rev. Stat. 1977, ch. 40, par. 1501D(m)). The record of the prior proceedings is indispensable to this determination. (*In re Austin* (1978), 61 Ill. App. 3d 344, 350, 378 N.E.2d 538, 543.) Since that record is deficient as to a finding of neglect (*i.e.*, whether there was physical abuse by respondent), and that deficiency was not cured at the hearing to terminate parental rights, this cause must be remanded to the trial court for a new hearing.

■■ Accordingly, the order terminating respondent's parental rights to her son and appointing a guardian with the right to consent to his adoption is reversed. The cause is remanded for a new hearing on termination of parental rights as to the reasonable progress ground only under section 1D(m) of the Adoption Act (Ill. Rev. Stat. 1977, ch. 40, par. 1501D(m)).

Reversed and remanded.

SIMON, P. J., and McGILLICUDDY, J., concur.